UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **JOHN DAVID FRIEND,** )<br>)<br>**Plaintiff,** )<br>) | Civil Action Nos. 2:22-00382 |
| **v.** )<br>) | |
| **FBI,** )<br>) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 4), filed on September 21, 2022. Having examined Plaintiff's Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On September 21, 2022, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and an Amended Complaint naming the FBI as the sole Defendant.[1] (Document Nos. 4 and 5.) In his Amended Complaint, Plaintiff claims that "false charges" were filed against him "for calling police." (Document No. 5, p. 4.) In support, Plaintiff alleges that while he was staying at his father's house, "people with mask dressed in black" tried to break into the residence. (Id., p. 5.) Plaintiff states that when he heard noises, he approached the kitchen

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior Complaints, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document No. 3.)

window and "could see a Black male's face waiving a pistol looking like a Sig with laser beam on the front of the gun waiving it back and forth on [Plaintiff's] chest and face trying to force themselves threw the locked window." (Id.) Plaintiff claims he "used a kitchen knife to secure the window" and he "stayed awake because we had no phone to call anyone." (Id.) Plaintiff further alleges that the "night before, [he] saw spirts that being of beings performing witchcraft in the house." (Id.) Plaintiff states "come to find out, the feds were the ones practicing witchcraft up under the house." (Id.) Plaintiff claims "[t]hey went to the back window and got in the house and put a gun to [his] dad, told him not to make a sound that they would kill him." (Id.) Plaintiff contends that when he inquired of his dad and stepmom the next morning, "they said nothing was wrong with them." (Id., p. 6.) Plaintiff alleges that he then went to Caroline Akers' house and that night, "they came in and held Caroline Aker at gun point and asked them 'where the hell is John' and told them now that [John's] got STARS on [him] that they were going to kill [him]." (Id.) Plaintiff further alleges that while he was sitting in living room he saw "a black mechanical spider with red LED lights." (Id.) Next, Plaintiff contends the "Sunny Southside Gangster Crips from the West Coast" that were "Federal informants for the FBI" attempted to apprehend him. (Id.) Third, Plaintiff complains that he had to run from a "military dude" with a "gatling gun wearing a red brey hat." (Id., pp. 6 – 7.) Plaintiff states he ran into a convenient store to call the police, but he saw "a heavy set male that was bald headed in his later 30s with 6 Poland stars all over him so [Plaintiff] exited the store." (Id., p. 7.) Plaintiff alleges that he had to flee and jump in the river because he was again chased by the "military dude and someone in black with a cross bow." (Id.) Finally, Plaintiff states that "the Feds . . . got [his] twelve point Stars made and [Plaintiff] is the one that made that Star and [they've] been using it to watch [Plaintiff] and that's against the law." (Id., p. 8.) As relief, Plaintiff requests to "get justice and hear my case in open court." (Id., p. 9.)

2

On September 28, 2022, Plaintiff filed Documentation in Support of his Amended Complaint. (Document No. 6.) This Documentation sets forth nearly identical allegations as set forth in Plaintiff's Amendment Complaint. (Id.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**ANALYSIS**

Initially, the undersigned notes that Plaintiff's filings are largely incoherent, delusional, rambling, and difficult to comprehend. It is very difficult to decipher Plaintiff's exact claims. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. This Court provided Plaintiff instructions and guidance on how to file his claim in order to avoid dismissal and Plaintiff failed to take advantage of such guidance. (See Document No. 3.) Liberally construing Plaintiff's Amended Complaint, he appears to be attempting to assert a claim pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). Plaintiff, however, does not allege a violation of a federal statute or constitutional provisions. Additionally, a Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional

4

rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). In his Amended Complaint, Plaintiff names the FBI as the sole Defendant. Plaintiff fails to name any individual agent or employee as a defendant. Thus, the undersigned finds that the FBI is an improper party for purposes of a Bivens action.

      To the extent that Plaintiff is asserting a claim tortious in nature, his claim may arguably fall under the Federal Tort Claims Act ("FTCA"), which waives the sovereign immunity of the United States in certain circumstances. 28 U.S.C. §§ 1346(b), 2671-2680. Federal district courts, however, lack subject matter jurisdiction over claims asserted against federal agencies where it has not been demonstrated that a plaintiff complied with the strict provisions of the FTCA. Kokotis v. U.S. Postal Service, 223 F.3d 275, 278 (4th Cir. 2000). The FTCA mandates that before a lawsuit

may be initiated against the United States or its agency, an administrative claim (Standard Form 95) must be filed with the proper agency, and the agency must issue a final denial of the claim. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2 This claim-filing requirement is jurisdiction and cannot be waived. See Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994)(citation omitted); Pyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Lamerique v. United States, 2019 WL 2932673, * 10 (S.D.W.Va. June 14, 2019). Plaintiff does not allege that he submitted a Standard Form 95 to any agency, or that any agency issued a final denial of his claim. Therefore, the undersigned finds that this Court has no jurisdiction over any claim cognizable under the FTCA due to Plaintiff's failure to exhaust his administrative remedies.

Finally, the undersigned finds that Plaintiff's Amended Complaint should be dismissed because he has failed to state a plausible claim. As stated above, the plausibility standard requires more than a mere possibility that a defendant has acted unlawfully. Conclusory allegations do not provide the "well-pled" factual basis necessary to support a cause of action. Plaintiff's Amended Complaint and Documentation in Support contains nothing more than speculative, fanciful, delusional, and irrational allegations, which are insufficient to withstand initial review. See Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997); Turner v. United States Navy, 793 F.Supp. 679 (E.D.Va. 1992); Taylor v. Obama Admin., 2010 WL 3276915 (D.Md. Aug. 17, 2010). Therefore, the undersigned finds that Plaintiff's Amended Complaint should be dismissed as frivolous.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 4), **DISMISS** Plaintiff's Complaints (Document No. 1, 5, 6), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation and to Plaintiff, who is acting *pro se.*

Date: August 15, 2024.



Omar J. Aboulhosn
United States Magistrate Judge