IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN DAVID FRIEND,

        Plaintiff,

v.                                                                          CIVIL ACTION NO.  2:22-cv-00382

FBI,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On September 2, 2022, the Plaintiff, proceeding *pro se*, filed his Complaint (Document 1) in this matter.  By *Administrative Order* (Document 2) entered on September 8, 2022, the case was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

By *Order* (Document 3) entered on September 9, 2022, the Magistrate Judge construed the Plaintiff's Complaint as a *Bivens* action, and directed the Plaintiff to amend his Complaint to name individual defendants and to state specific facts as to how each defendant violated his constitutional rights.  Therein, the Plaintiff was further directed to either pay the filing fees for this case or seek approval to proceed *in forma pauperis*.  Subsequently, on September 21, 2022, the Plaintiff filed an *Application to Proceed Without Prepayment of Fees and Costs* (Document 4) and an Amended Complaint (Document 5).  One additional untitled document (Document 6) was filed on September 28, 2022.

1

On August 14, 2024, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 7) wherein it is recommended that this Court deny the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (Document 4), dismiss the Plaintiff's Complaints (Documents 1, 5 & 6), and remove this matter from the Court's docket.

In the *Proposed Findings and Recommendation* (PF&R) (Document 7), the Magistrate Judge finds that the Plaintiff, in his Amended Complaint, "names the FBI as the sole Defendant. Plaintiff fails to name any individual agent or employee as a defendant. Thus, the undersigned finds that the FBI is an improper party for purposes of a Bivens action." (Document 7, Page 5.)

Having reviewed the Plaintiff's Amended Complaint (Document 5) as it appears on the docket, this Court finds that Pages 2 and 3 have been transposed. When the pages are viewed in their proper sequence, the Plaintiff does appear to name two additional Defendants to his claim; specifically, Richie Tansail and Terry James Evans (see Amended Complaint (Document 5; Page 2 – docketed as Page 3)).

Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by September 3, 2024, and none were filed by either party. However, the docket reflects that the *Proposed Findings and Recommendation* mailed to the Plaintiff was returned as undeliverable on August 29, 2024.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this

Court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).  Because the reasoning in the PF&R was based, in part, on the Plaintiff's failure to name additional defendants, the Court has provided *de novo* review of the legal conclusions contained in the PF&R despite the lack of objections.

## DISCUSSION

Judge Aboulhosn recounted some of the narrative from the Plaintiff's amended complaint in the PF&R.  As he noted, the "Plaintiff's filings are largely incoherent, delusional, rambling, and difficult to comprehend," such that "it is very difficult to decipher Plaintiff's exact claims."  (PF&R at 4.)  The PF&R concluded that any claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), could not properly be asserted without naming individual agents or employees, any claim under the Federal Tort Claims Act could not be presented without first filing an administrative claim, and that the Plaintiff's allegations do not satisfy a plausibility standard.

Upon careful review of both the amended complaint (Document 5) and the additional filing (Document 6), the Court finds that the Plaintiff has not adequately set forth allegations of a violation of a federal statute or constitutional provision in this matter, including against Richie Tansail or Terry James Evans.  Indeed, those names do not appear to be the subject of any allegations in the amended complaint or the additional document.  A Jameel Tanzail is mentioned, but without any legally cognizable factual allegations.  The Plaintiff's allegations concern people wearing or not wearing

stars, the significance of which is unclear, witchcraft, laser beams, mechanical spiders, FBI agents conspiring with West Coast gang members, poison, a man with a cross bow, and "insane gangster disciples Hoover criminals," (Document 6 at 12) among other things. As Judge Aboulhosn found, these allegations do not satisfy the plausibility standard. Applying liberal construction to the pro-se pleadings, the Court finds that the Plaintiff has made no viable claim. Accordingly, the Court finds that the Plaintiff has failed to state a claim for which relief can be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* (Document 7), except as otherwise noted, and **ORDERS** that the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (Document 4) be **DENIED**, the Plaintiff's Complaints (Documents 1, 5 & 6) be **DISMISSED**, and this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER:   September 16, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA